# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Wisconsin

| | | |
|---|---|---|
| **Courtney Coon** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | 2:24-cv-934 |
| | ) | |
| v. | ) | Jury Demand |
| | ) | |
| **Wal-Mart Stores East, LP**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION
## AND RETALIATION

---

NOW COMES the Plaintiff named above, by her attorneys, Kurter Law Offices, by Attorney Imran Kurter, and as and for a Complaint in the above referenced matter, alleges and shows to the Court as follows:

1.     This is an action to redress discriminatory and retaliatory conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq. ("Title VII") and related Wisconsin laws pursuant to 28 U.S.C. § 1367.

2.     This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, 1345 and 1367.

3.     Venue is proper in this judicial district because the plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b) and because it is a judicial district in the State in which the unlawful employment practice is alleged to have been committed within the meaning

of 42 U.S.C. §2000e-5(f)(3).

4.     At all times relevant hereto, plaintiff Courtney Coon (hereafter "**COON**") was and is an adult citizen and resident of the State of Wisconsin residing at 822 Madison Avenue Upper, South Milwaukee, WI 53172.

5.     At all times relevant hereto, defendant Wal-Mart **Stores East, LP**, (hereinafter "**Wal-Mart**") was and is a foreign (Arkansas) corporation whose principal office is located at 702 SW 8th Street, Bentonville, AR 72716 and whose registered agent for service of process in Wisconsin is C. T. Corporation System, 301 S. Bedford St. Suite 1, Madison , WI 53703.  The store branch location involved in this matter is located at 222 North Chicago Avenue, South Milwaukee, WI 53172.

6.     Defendant **Wal-Mart** is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7.     On her part, **COON** timely filed a Charge of Discrimination pursuant to Title VII and related Wisconsin laws with the Wisconsin Equal Rights Division ("ERD") and the United States Equal Employment Opportunity Commission ("EEOC") which became known as EEOC Charge Number 443-2023-00528, in which she alleged with particularity her claims of disability discrimination and retaliation against the Defendants.

8.     On April 25, 2024, the EEOC issued a letter entitled "Determination and Notice of Rights" related to EEOC Charge Number 443-2023-00528, in which the EEOC notified **COON** in a section entitled "NOTICE OF YOUR RIGHT TO SUE" that: "This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt**

C o m p l a i n t
P a g e | **2**
Case 2:24-cv-00934-LA     Filed 07/23/24     Page 2 of 6     Document 1

**of this notice** (emphases in the original)."

9. That said "Determination and Notice of Rights" was purportedly mailed by the EEOC on April 25, 2024 to **COON** at her residence in South Milwaukee, Wisconsin. The letter was received by **COON** on Saturday, April 27, 2024. Ninety days from April 27, 2024, will be July 24, 2024.

10. On her part, **COON** has exhausted all administrative remedies prior to initiating this lawsuit.

11. At all times relevant hereto, **COON** worked for **Wal-Mart** as a Team Associate in the bakery at the facility in Wisconsin known as "222 North Chicago Avenue, South Milwaukee, WI 53172." Plaintiff's employment commenced on April 21, 2020, and continued until September 7, 2021, when she left to pursue other opportunities, but was re-hired by **Wal-Mart** on February 25, 2022 and eventually was subjected to the harassing behavior of "K.B." resulting in her unlawful retaliatory termination by **Wal-Mart** on September 30, 2022.

12. **Wal-Mart** employs more than 15 employees.

13. Plaintiff is a disabled person as defined under the Americans with Disabilities Act and otherwise under both Wisconsin state law and federal law.

14. Plaintiff repeatedly made **Wal-Mart** aware of the facts and circumstances related to the discriminatory practices of the local supervisors at the Wal-Mart location, containing additional specific allegations of disability discrimination related to the behavior of Nicole "KB" (""KB""), one of her supervisors. This information was orally provided directly to no less than four (4) separate managers at the 222 North Chicago **Wal-Mart** location.

15.     That specific instances of discriminatory and retaliatory conduct included, but were not limited to the following upon the employment of "KB" as a district supervisor in a position of authority over **COON**:

A.      During her second 'stint' with **Wal-Mart, "K.B."** eventually replaced the immediate supervisor of **COON** (known as "**D.B**.") and immediately set about to treat **COON** in a disparate fashion, including but not limited to berating the performance of **COON** in a loud voice in front of both co-workers and customers of the store, despite her outstanding work history and record of accomplishments at **Wal-Mart.**

B.      **"K.B."** immediately began collecting information to enable her to "justify" the demotion or termination of **COON** from her position, despite her successes as an employee and for no valid non-discriminatory reason;

C.      That prior to her termination, on September 30, 2022, **COON** advised the Store Manager at 222 North Chicago Avenue, about each of these matters. **COON** indicated to Store Manager at 222 North Chicago Avenue that she had no choice but to go home for the day due to the ongoing discriminatory behavior by **"K.B."** on the basis of disability. The Store Manager inquired as to whether **COON** was "quitting" and was told that she was not quitting. The Store Manager indicated to **COON** that he would call her to discuss what would happen next, but instead there was no further contact made by the Store Manager and **COON** was taken off of the work schedule, effectively constructively terminating her employment.

16.     None of the issues raised by her were adequately addressed prior to the unlawful termination of **COON** and in fact the situation was exacerbated as now "KB" began engaging in a campaign of retaliatory conduct to punish **COON** for complaining

Complaint
P a g e | **4**
Case 2:24-cv-00934-LA     Filed 07/23/24     Page 4 of 6     Document 1

about her conduct.

17.    That during the course of her employment from April 21, 2020 to September 30, 2022, **COON**'s complaints of harassment met with no corrective response, as **Wal-Mart** failed to stop the harassment and by their silence, tacitly encouraged such discriminatory behavior.

18.    That during this time, **Wal-Mart** took retaliatory steps against **COON** as a result of the reported discriminatory behavior of **Wal-Mart** supervisor "**K.B**."

19.    That **Wal-Mart**'s conduct throughout **COON** 's employment was willful.

20.    That the aforesaid referenced conduct of **Wal-Mart** created a hostile working environment for **COON** in violation of Title VII.

21.    That the aforesaid referenced conduct of **Wal-Mart** also constituted a violation of Wisconsin Statutes Chapter 113, et seq.

22.    That on several occasions during the course of her employment, **COON** made both informal and formal complaints against "**K.B**." and **Wal-Mart** in which the above grievances were formalized.

23.    On or about September 30, 2022, in direct retaliation for her having asserted her rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, and in continuation of the pattern of discriminatory conduct towards plaintiff, **Wal-Mart** terminated the employment of **COON** without cause upon pretextual "non-discriminatory" bases.

24.    Based on Defendants' conduct, **COON** has suffered and continues to suffer damages including economic damages, loss of enjoyment of life, emotional distress and attorneys' fees and costs.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND THAT THE ABOVE-ENTITLED ACTION BE TRIED BY A TWELVE-PERSON JURY.**

Dated at Milwaukee, Wisconsin this 15th day of July, 2024.

Electronically Signed by:
Imran Kurter, Attorney at Law
Wisconsin State Bar No. 1096182
Imran@kurterlaw.com

**POST OFFICE ADDRESS:**

Kurter Law Offices
10012 W Capitol Drive
Suite 206
Milwaukee, WI  53222
414-368-8181