# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COURTNEY COON,

        Plaintiff,

                                       Case No. 24-cv-934

    vs.

WAL-MART STORES EAST, LP,

        Defendant.

## JOINT RULE 26(f) CONFERENCE REPORT

The parties, Plaintiff Courtney Coon ("Plaintiff") and Defendant Wal-Mart Stores East, LP ("Defendant"), through their attorneys, respectfully submit the following report in accordance with Fed. R. Civ. P. 26(f) and the Court's April 21, 2025, "Order" (Dkt. 15). A telephonic Rule 16 scheduling conference is currently set for June 10, 2025, at 11:00 a.m., at which Attorney Imran Kurter (414.368-8181) will appear on behalf of Plaintiff and Attorney Sofija Anderson (414.291.6155) will appear on behalf of Defendant.

    **1.**     **Fed. R. Civ. P. 26(f)(2) - Conference.** A telephone conference between counsel was held on May 13, 2025. The conference was attended by Attorney Imran Kurter on behalf of Plaintiff and by Attorney Sofija Anderson on behalf of Defendant.

Defendant employed Plaintiff on two separate occasions in the Bakery Department at its Store #5667 in South Milwaukee, Wisconsin (*i.e.,* from April 21, 2020, until September 7, 2021, and from February 25, 2022, until October 4, 2022 ). Plaintiff alleges that she was subjected to harassing behavior based on her alleged disability that resulted in her unlawful retaliatory termination. For its part, Defendant asserts that Plaintiff came to her last shift on a Friday, September 30, 2022, and told Coach Justin Pautz that first shift did not do their job, so she was

not going to do hers and was going home, after which she did not return to the store for any of her subsequent shifts and was deemed to have abandoned her position. On July 23, 2024, Plaintiff initiated this lawsuit against Defendant asserting disability discrimination and retaliation claims purportedly under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII") [*sic*] and "related Wisconsin laws." In, response, Defendant denies that it discriminated against Plaintiff based on her disability, or otherwise, and denies that it retaliated against Plaintiff because of her disability, any protected activity, or otherwise. Moreover, Defendant asserts that it terminated Plaintiff's employment for legitimate nondiscriminatory reasons that were completely unrelated to Plaintiff's disability or any other protected characteristic or activity.

The parties have considered the nature and basis of their respective claims and defenses, and have discussed the possibility for prompt resolution of this matter, as well as the timing for initial disclosures required under Rule 26(a)(1).

**2. Fed. R. Civ. P. 26(f)(3) - Proposed Discovery Plan.**

**Fed. R. Civ. P. 26(f)(3)(A).** With the exception of initial disclosures, no changes need be made in the timing, form, or requirement for disclosure under Rule 26(a)(1). Initial disclosures will be made by June 30, 2025.

**Fed. R. Civ. P. 26(f)(3)(B).** Both parties anticipate discovery on the subjects alleged in the Complaint and do not anticipate that discovery need be limited or conducted in phases. Discovery should be completed by Tuesday, April 21, 2026.

**Fed. R. Civ. P. 26(f)(3)(C).** This case may involve disclosure or discovery of electronically stored information ("ESI") and the parties will confer at the appropriate time regarding the existence of such information, the form or forms in which ESI should be produced,

the cost associated with determining the existence of the ESI sought, and the expense associated with collecting and producing the ESI.

**Fed. R. Civ. P. 26(f)(3)(D).** At this time, the parties have not identified any specific issues concerning claims of privilege or work product. However, it is possible that either party may raise issues of privilege or work product in the future.

**Fed. R. Civ. P. 26(f)(3)(E).** At this time, the parties do not anticipate the need for limitations on discovery other than as set forth in the applicable rules.

**Fed. R. Civ. P. 26(f)(3)(F).** The parties will need a protective order and expect to be able to work out the terms of an agreed protective order to propose to the Court.

**3. Other Matters.**

(a) A brief statement of the nature of the case is provided in Paragraph 1, above.

(b) The parties do not expect to amend the pleadings.

(c) The parties do not anticipate joining other parties at this time.

(d) The parties anticipate general discovery concerning their respective claims and defenses and would expect approximately 45 weeks for completion of fact and expert discovery. At this time, the parties have not identified any specific issues related to the COVID-19 pandemic other than the potential need to conduct depositions remotely and the potential need to extend deadlines depending on the evolving facts of the situation.

(e) The parties contemplate filing dispositive motions.

(f) The estimated trial length is 3-4 days.

(g) Plaintiff is requesting a jury trial.

(h) The parties may be interested in mediation upon further investigation of the claims and defenses, which could impact trial scheduling.

(i) They parties attest to the fact that they have discussed each of the above issues.

3

4. **The parties request the Court enter a scheduling order containing the following deadlines:**

(a) The deadline for amending the pleadings, by joining parties or for other reasons, shall be Friday, June 20, 2025.

(b) Plaintiff's disclosure of expert identity and reports pursuant to Fed. R. Civ. P. 26(a)(2)(A) & (B) must be served no later than thirty (30) days after any denial issued on dispositive motions. If dispositive motions are not filed in this case, Plaintiff's expert report is due on or before Friday, July 10, 2026.

(c) Defendant's disclosure of expert identity and reports pursuant to Fed. R. Civ. P. 26(a)(2)(A) & (B) must be served no later than sixty (60) days after the date by which Plaintiff's expert report must be served.

(d) The parties must complete all expert discovery no later than thirty (30) days after the date by which Defendant's expert report must be served.

(e) The parties must complete all fact discovery on or before Tuesday, April 21, 2026.

(f) The parties must serve and file all dispositive motions on or before Friday, June 12, 2026.

Respectfully submitted this 23rd day of May, 2025.

| | |
|---|---|
| */s/Imran Kurter* | */s/Sofija Anderson* |
| Imran Kurter – SBN: 1096182 | Sofija Anderson - SBN: 1041498 |
| KURTER LAW OFFICES | Matthew Kurlinski - SBN: 1069651 |
| 10012 W. Capitol Drive – Suite 206 | LITTLER MENDELSON, P.C. |
| Milwaukee, WI 53222 | 111 E. Kilbourn Ave., Suite 1000 |
| Telephone: 414.368-8181 | Milwaukee, WI 53202 |
| Facsimile: 414.710.0508 | Telephone: 414.291.5536 |
| Imran@kurterlaw.com | Facsimile: 414.291.5526 |
| | sanderson@littler.com |
| Attorneys for Plaintiff | mkurlinski@littler.com |
| | |
| | Attorneys for Defendant |

4917-3718-4835.1 / 080000.4381